WASHINGTON BANKING COMPANY v. JAMES W. KING.

A written notice to the endorser, addressed to him properly, and put into the post-office in due season, amounts to due diligence, even if the letter should never be received.

Within what time the notice to the endorser should be mailed. Quere ?

Where there is conflicting testimony on both sides, in regard to a disputed fact, it is a proper question for the decision of the jury, and this court will not disturb their verdict.

This was an action brought by the Washington Banking Company against James W. King, on a promissory note, executed by Walker to the said King, payable at the Chemical Bank of New York, and endorsed by the said King to the plaintiffs. The cause was tried at the Essex Circuit, before Justice Drake, and a verdict rendered for the plaintiffs. Several points were raised at the trial, which were again argued at bar on the return of the postea, and on the rule to shew cause why the verdict should not be set aside.

*Dickerson*, in support of the rule insisted, that the judge, who tried the cause, erred in charging the jury, that putting the notice of protest in the post-office, was sufficient, even if the letter was detained, as was proved by the witnesses of the defendant. He cited 6 *Mass. Rep.* 316 ; 5 *Sergt. & Rawle*, 318 ; 2 *H. Black. Rep.* 509.

2. He insisted that there was not sufficient evidence of the service of the notice of protest. The notice should have been put in the post-office in time to go by the mail of the day, next after the demand. He cited 17 *Mass. Rep.* 4, 54 ; 2 *Wheaton Rep.* 377 ; 15 *Eng. Com. Law. Rep.* 125.

3. He insisted, that the verdict was against the weight of the evidence.

*E. B. D. Ogden* and *I. H. Williamson*, argued against the rule, and in support of the verdict. They cited, 1 *Dall. Rep.* 190 ; 1 *South.* 19, 25 ; 3 *Kent's Com.* 73 ; 1 *Pick. Rep.* 401, 410 ; 2 *Starkie on Evid.* 260, 269, *note* 1 ; 1 *Peters Rep.* 578.

FORD, J. The defendant moves to set aside a verdict which was rendered against him in this case, as endorser of a promissory note to the bank, made to him by Peter Walker, on the 15th

of August, 1831, payable in sixty days at the Chemical Bank in New York, because the verdict is against the weight of evidence ; because the bank did not give him due notice of the dishonor of the note, and because the judge misdirected the jury as to the law of notice. The note was duly protested for non payment on the 17th of October, in New York, and the jury found that notice thereof was sent to the defendant by mail on the 18th ; contrary to the post-office mark on the letter of notice, which shows that it was mailed in the city, on the 28th of October; and contrary to the certificate of the postmaster at Paterson, that it was received at his office for the defendant, on the 29th of the month. The notary swore that he put the notice in the post-office on the 18th of the month ; it furthermore appears to bear date on that day ; and the mystery arises from the post-office mark being the 28th of the month, ten days after the letter was placed in the office. The error could not have arisen by careless writing, for the mark is impressed entirely with types. A question was thoroughly discussed at the trial, whether this post mark had not been altered, by taking out the figure one in eighteen, and inserting the figure two in its place, thus changing the eighteen into twenty-eight. We cannot say that skill is incompetent to make such an alteration, by the application of another type. The probability of such alteration having been made, was fortified by the evidence of the Newark postmaster ; who was of opinion that the mark is not genuine ; that its appearance differs from any office mark he ever saw before; that in the word twenty-eight, the figure two is done by a smaller type that the figure eight; and it was his belief that the two figures were not made at the same time ; indeed, he thinks they are not the same shade of ink. The jury had the inspection of the instrument, and must have believed that the mark made by the post-office was eighteen, and not twenty-eight. The memorandum made by the postmaster of Patterson, that the letter was received at his office on the 29th of the month, was not made till many days after that date, and if the post mark had been altered to the twenty-eighth, before he saw it, after delivery, it would naturally mislead him as to the time of being received. The verdict is founded on the date of the notice, and the positive oath of the notary, that he put it in the office on the eighteenth ; and

Bank *v.* King.

as the contrary proof consists in circumstances which are full of mystery and uncertainty, the opinion of the jury is neither against evidence, nor the weight of it, sufficiently at all events to justify us in setting aside the verdict on this ground.

But another objection is taken to the verdict. The note being protested on the 17th of October, notice was required by law to be given of it the *next day*, which was the eighteenth, on which day the mail closed at half past eight in the morning, and there was no evidence of notice being put in the post-office till *after* that hour; the notary swore he put it in the post-office that morning, but he declined to say it was as early as even ten o'clock. This objection cannot possibly be maintained; for if the notice was put in the office any time the next day, it was done in sufficient time, whether before or after the departure of the mail. It is laid down in *Brayl.* 220, that the holder of the note has the whole of the next day to write in, without reference to the time of closing the mail. *Saund. on Plead. & Evidence*, 297, has the same rule, and cites in support of it, *Bray* v. *Hadwen*, 5 *Maul. & Selw.* 68; and in *Hawkes* v. *Salter*, 15 *Eng. Com. Law. Rep.* 125, or 4 *Bingh.* 715; where a bill was dishonored on *Saturday*, it was holden, that the party has *all* the next day, Monday, to write in, and if the letter *went* by the mail of *Tuesday* it was sufficient.

The defendant finally insists, that putting a letter in the post-office, is not notice of the dishonor of a note; that it is no more than evidence of notice, which may be counteracted and overcome by proof, that the notice was lost on the way, or that it was never received. It has however been fully settled, that a written notice, to the party to be charged, addressed to him properly, and put into the post-office in due season, amounts to what is termed due diligence, even if the letter should never be received. The doubts that have been expressed in cases where the residence of the party is remote from any post-office, have no relation to a case like the present. The cases that support the general positions are numerous, and will be found collected in 1 *Saund. on Plead. & Evid.* 297; and 2 *Starkie's Evid.* 269, *note*, 1. It cannot be necessary to review them. On the whole, there is no ground for disturbing the verdict.

DRAKE, J. I concur in the opinion, that the rule taken in this case, ought to be discharged. The note was payable on the 17th of October. At the circuit, the jury were charged, that it was incumbent on the plaintiffs to prove that notice of non-payment was put into the post-office, in time to go by the mail of the eighteenth. On this point, the proof exhibited by the plaintiffs was of a very doubtful character. But the defendant produced the notice itself, by which it was evident that it had been mailed either on the eighteenth, or twenty-eighth. The jury have believed it to have been the former day. And there was so much evidence on both sides, that I consider it to have been a proper question for their decision. I therefore think that the verdict ought not to be disturbed; upon the supposition that the charge was correct. But upon the question, whether the holder had the whole of the eighteenth, to put his notice in the post-office, or should have done it previous to the closing of the mail of that day, I do not deem it necessary now, to give an opinion.

The Chief Justice having been concerned as counsel, delivered no opinion.                              Rule discharged.

CITED in *Moore* v. *Central R. R. Co.* 4 *Zab.* 277.